IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

**DIEUDONNE LAFOSSE,**
and other similarly situated individuals,

CASE NO. 2015 1277-1 CAC1

     **Plaintiff(s),**

v.

**JACKSON PLAZA, INC.,**
a Florida Non Profit Corporation,
**RUSSELL GALBUT,** individually,
**WILLIAM ZUBKOFF,** individually,
**MARTY WASSERMAN,** individually,
**JOAN BRENT,** individually,
and **WILLIAM ECK,** individually,

     **Defendant(s).**

_____/

## COMPLAINT

    **COMES NOW,** Plaintiff, DIEUDONNE LAFOSSE, and other similarly situated individuals ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, JACKSON PLAZA, INC., a Florida Non Profit Corporation, RUSSELL GALBUT, individually, WILLIAM ZUBKOFF, individually, MARTY WASSERMAN, individually, JOAN BRENT, individually, and WILLIAM ECK, individually ("Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1.     This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, JACKSON PLAZA, INC., is a Florida Non Profit Corporation having its main place of business in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, RUSSELL GALBUT, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, JACKSON PLAZA, INC.

6. Defendant, WILLIAM ZUBKOFF, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, JACKSON PLAZA, INC.

7. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff performed work for Defendants as a non-exempt employee from on or about September 5, 2007, through on or about January 19, 2015.

11. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week, and was paid an hourly rate of $32.34.

12. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

13. Plaintiff, during the relevant time period, from on or about March 18, 2012, through on or about January 19, 2015, worked approximately fifteen (15) overtime hours each week for one hundred, forty eight (148) weeks.

14. Plaintiff worked approximately fifteen (15) overtime hours each week for which she was not paid 1.5 times her regular rate as provided by the FLSA. Plaintiff's overtime rate is $48.51 ($32.34 x 1.5) per hour for her fifteen (15) hours of overtime each week.

15. As such, Plaintiff is owed approximately $107,692.20 ($48.51 overtime rate x 15 hours x 148 weeks) in **unliquidated** overtime wages as well as an additional amount as **liquidated** damages, namely $215,384.40 in liquidated overtime wages.

### COUNT I
*Wage & Hour Federal Statutory Violation Against*
*JACKSON PLAZA, INC.*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from Defendants unpaid overtime compensation and improperly paid minimum wage, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

18. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

19. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

20. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

21. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

22. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

23. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

24. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act

and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

25. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff's actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Wage & Hour Federal Statutory Violation Against
### RUSSELL GALBUT

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

27. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, JACKSON PLAZA, INC.

28. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair

Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

29. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

30. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff's actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
#### Wage & Hour Federal Statutory Violation Against
#### WILLIAM ZUBKOFF

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

32. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, JACKSON PLAZA, INC.

33. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

34. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

35. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff's actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Wage & Hour Federal Statutory Violation Against*
### *MARTY WASSERMAN*

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

37. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, JACKSON PLAZA, INC.

38. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

39. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

40. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff's actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

E.      Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Wage & Hour Federal Statutory Violation Against*
### *JOAN BRENT*

41.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

42.     At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, JACKSON PLAZA, INC.

43.     Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

44.     Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

45.     Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A.      Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.      Award Plaintiff's actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly,

with interest; and

C.     Award Plaintiff an equal amount in double damages/liquidated damages; and

D.     Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.     Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT VI</u>
*Wage & Hour Federal Statutory Violation Against*
*WILLIAM ECK*

46.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

47.     At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, JACKSON PLAZA, INC.

48.     Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

49.     Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

50.     Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A.     Adjudge and decree that Defendant has violated the FLSA and has done so

willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.     Award Plaintiff's actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C.     Award Plaintiff an equal amount in double damages/liquidated damages; and

D.     Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.     Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 6/8/15

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
Anaeli C. Petisco, Esq.
Florida Bar No. 0113376
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone:  305-416-5000
Facsimile: 305-416-5005

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF AND/OR JOIN

I, DIEUDONNE LAFOSSE, hereby consent, in accordance with 29 U.S.C. §216(b) of the Fair Labor Standards Act, to become a party plaintiff in this action against my employer, _Jackson Plaza Inc._, and to be represented by the attorneys of REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

Sign Name: _____     Date: 1/21/15

Print Name: DIEUDONNE, LAFOSSE